## JOHN H. SMITH
### v.
## THE PEOPLE, ETC.

WITNESS BEFORE GRAND JURY—CONTEMPT.—A was summoned before the grand jury as a witness to testify in regard to gaming in the county. The foreman told him that he was not obliged to criminate himself and that the question was not intended to apply to his acts. The following question was then asked him: " Do you know of your own knowledge of any person or persons having played for money or other valuable thing with cards * * * within eighteen months in this county? If so, state who, for what and with what did they play? " A replied " I can not answer that question without criminating myself or divulging the names of witnesses who would criminate me and of which witnesses the people have no knowledge, as I believe, other than would be derived from my testimony in answering the question." Upon being again asked if he would answer the question he said, " I refuse to answer the question for the reason I have given." He was then sent before the court for contempt; the answer was held to be evasive, and upon his refusing to go before the grand jury and make further answer he was fined for contempt. *Held,* that the judgment of the court below was proper.

ERROR to the Circuit Court of Franklin county; the Hon. R. M. McCARTNEY, Judge, presiding. Opinion filed November 24, 1886.

Mr. W. H. WILLIAMS, for plaintiff in error; cited 1 Greenleaf on Evidence, 9th Ed., 451   16 Ves. 242 ; 1 Burr's Trial, 244; Brooks v. McKinney, 4 Scam. 316.

Mr. W. S. CANTRELL, for defendant in error; cited 1 Bouvier's Law Dictionary, 354.

WILKIN, P. J.   Plaintiff in error was brought before the grand jury of Franklin county at the April term, 1886, and sworn as a witness. It is stated in the bill of exceptions that he was instructed by the foreman as follows: That he was called before the grand jury to testify in regard to gaming in Franklin county within the past eighteen months; that he is not asked or compelled to give evidence against himself or

evidence tending to expose himself to a penal liability or to
any kind of punishment or to a criminal charge. And that in
answering the following questions he was not required to state
anything about himself; that the jury could not and would
not presume anything against him, and the question was not
intended to apply to the acts of the witness, but as to what he
might have seen others do. The following question was then
asked the witness: "Do you know of your own knowledge
of any person or persons having played for money or other
valuable thing, at any game with cards, dice, checks, or at bill-
iards, or with any other article, instrument or thing whatsoever
which may be used for the purpose of playing or betting upon,
or winning, or losing, within eighteen months in this county?
If so, state who, for what, and with what did they play?"
Plaintiff in error answered, "I can not answer that question
without criminating myself, *or divulging the names of wit-
nesses who would criminate me, and of which witnesses the
people have no knowledge as I believe, other than would be de-
rived from my testimony in answering the question.*"

Thereupon the following interrogatory was propounded to
him: "Mr. Smith, in view of what has been stated to you, that
you are not asked to criminate yourself, but to state what you
may have seen others do, will you state if you have seen any
persons playing cards for money or other valuable thing within
eighteen months in this county or not?" Plaintiff in error
answered as follows: "I know of no person or persons play-
ing with cards for money or other valuable thing except in
games where two or more were playing, and to which I can
not testify without leading to the crimination of myself." The
foreman of the grand jury then said to witness: "We do not
ask you to criminate yourself. Will you answer the question?"
Plaintiff in error responded as follows: "I refuse to answer
the question for the reason I have given." The foreman there-
upon sent plaintiff in error under charge of an officer, before
the court to be dealt with for contempt, together with the fore-
going proceedings before the grand jury. Plaintiff in error
stated in open court that the foregoing was a correct record of
the proceedings before the grand jury. That the explanation

was made that the questions were propounded to him and the foregoing were his answers to the same, and that he refused to make further answer to said questions for the reasons given in his said answers. The court held the answers to be evasive and the reasons of plaintiff in error not sufficient, and required him to make further answer to said questions. It is then further stated in the bill of exception, as follows: "Whereupon said witness refused to go before the grand jury and make further answer to said questions or to either of them;" and the court found that said witness was in contempt and assessed a fine of $25 against him, and ordered him to pay costs and that he be committed to common jail until fine and costs are paid."

It will be seen from the foregoing facts that the witness makes no complaint of the manner in which the questions were propounded to him, nor that he did not fully understand them. We need, therefore, only determine whether or not, taking the explanation of the foreman with the questions, the answers, or either of them, were evasive. It will also be observed that plaintiff in error refused to make further answer to the questions or either of them, as required by the court. Had the explanation been incorporated in the first question, it would read in substance as follows: Without giving evidence against yourself, or evidence tending to expose you to penal liability or any kind of punishment, or to a criminal charge, do you know of your own knowledge of any person having played for money or other valuable thing, any game of cards, etc.? Thus stated (and so the witness must have understood it), the only direct answer would be yes or no. If he knew of persons having played for money at any game, etc., about which he could state without giving evidence tending to criminate himself, his answer would have been "yes," stating "who, for what, and with what they played." If, on the other hand, he knew of such gaming, but was himself so connected with it that his evidence as to who played, what was played with, and for what, would tend to expose him to penal liability, his obvious answer would be "no." The law defining the privilege of witnesses is well stated in Sec. 451, Greenleaf on Evidence, where it is said the law excuses the witness from answering if his

answer would *tend* to criminate him. These questions violate no such rule. With the explanation, they allow the witness to be the sole judge of the effect of his answer, and in this respect is even more liberal than the law. The law does not require a witness to explain in the first instance how his answer will criminate him or tend to do so, because such explanation itself would, or might, deprive him of the protection. These questions do not ask the witness to explain why he can not answer, but, with the preceding instructions, ask for a direct answer. The witness, however, insists upon going into an explanation and giving reasons for not answering, and when required by the court to make further answers refuses to do so for *reasons* given. It may be said that his answers amount to the same as a direct denial. That is not necessarily so. Take the expression, "or divulging the names of witnesses who would criminate me." Why would they criminate him? Because they were gambling with him, or because his divulging as to their having gambled would induce them to retaliate by disclosing some crime or misdemeanor of which he was guilty and about which they knew. Either may be his meaning. The latter would certainly furnish no valid excuse for refusing to answer the question. The answer as a whole is, therefore, evasive.

The second question, "Will you state if you have seen any person playing cards for money or other valuable thing within eighteen months in this county or not?" could only be properly answered by yes or no. Can it be said that either of these answers would tend to criminate the witness? But again he persists in entering into an explanation not asked for, and refuses to answer the question for reason, etc. We have no disposition to give a strained or narrow construction to the rules of the law privileging a witness when it reasonably appears that his answer will have a tendency to criminate him. But neither public interest nor private rights are to be sacrificed by allowing a witness to evade and refuse to answer questions merely because they may be distasteful to him, or because he may conclude that his answers will furnish the names of others who might, because of his answer, have a motive to dis-

close facts prejudical to him. In this case the answers of plaintiff in error have very much the appearance of being previously prepared for the occasion, and his refusal to make further answers when required was a contempt of the court, for which he was properly punished, and the judgment will be affirmed.

Affirmed.