F. E. MINTER

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Contempt—Refusal to Testify before Grand Jury—Crimination of Self.*

1. To entitle a witness to the privilege of not answering a question as tending to criminate him, the court must see from the nature and circumstances of the evidence which the witness is asked to give, that there is reason to apprehend injury if he is compelled to answer, and where that is made to appear, much latitude will be allowed him in determining the effect of any particular question. The danger to be apprehended must be real and not imaginary.

2. The law will not permit a man to keep the names of those who violate the law, and their offenses, secret, because of a fear that they might give evidence in their turn against him.

3. Testimony going to show that the witness giving it had seen a certain person play cards for money, does not furnish or tend to furnish evidence against such witness of a criminating character, nor will the fact that the witness was engaged in the game, excuse him from answering.

[Opinion filed February 26, 1891.]

IN ERROR to the Circuit Court of Gallatin County; the Hon. C. C. BOGGS, Judge, presiding.

The plaintiff in error was a witness before the grand jury and answered that he knew of cards being played for money in Gallatin county within eighteen months last past, and was then asked by the foreman, " Who did you see playing?" which question he refused to answer, whereupon he was brought before the court and admitted the facts as above. The court then ruled and stated to him that he was not required to give evidence against himself, nor to give evidence that would tend to criminate himself, but that he was required to answer whether or not he had seen any person other than himself play at cards for money; that he might lawfully refuse to tell anything that he himself had done, but that he could not lawfully refuse to tell what he had seen another person do. Plaintiff in error then asked if the court held that a witness before a grand jury was required to tell

Minter v. The People.

that he had seen others gaming for money if the witness was also playing at the same time and in the same game with such other persons, and the court thereupon ruled that under such circumstances the witness was bound to tell that the others had played, but that he (plaintiff in error) might lawfully refuse to tell anything that he himself had done or said, or anything that tended to criminate himself, but that he must tell if he had seen others play; that the fear that his answer might induce the other parties to testify against him in retaliation, or that the grand jury might summon the others and force them to tell, was not a lawful reason for refusing to answer the question. To which holding and ruling of the court the plaintiff in error excepted then and there. The court then inquired of plaintiff in error if he would, under such holding and ruling, if returned to the grand jury room, answer the question asked him by the foreman, and plaintiff in error said he would not answer it under such rulings. Whereupon the court adjudged plaintiff in error guilty of contempt, and assessed a fine against him of $25 and costs as a punishment for such contempt, to all of which plaintiff in error then and there excepted.

Messrs. PILLOW & MILLSPAUGH, for plaintiff in error.

No appearance for defendants in error.

PHILLIPS, P. J. To entitle a witness to the privilege of not answering a question as tending to criminate him, the court must see from the nature and circumstances of the evidence which the witness is asked to give, that there is reason to apprehend injury if he is compelled to answer, and where that is made to appear, much latitude will be allowed him in determining the effect of any particular question. The danger to be apprehended must be real and not imaginary. The witness himself is not the sole judge whether his evidence will bring him into danger. The judge must see and determine from the circumstances of the case, and the nature of the evidence, whether there is reasonable ground to appre-

hend danger. The witness was by the judge told that he need not answer any question as to what he had done or said, that tended to criminate him, but he must tell if he had seen others play at cards for money, and this, the wit-ness said he would not answer. Can it be pretended that, if his answer had been he had seen "A" play at a game for money, that it furnishes, or tends to furnish, evidence against himself? Under that, evidence that "A." was guilty of playing a game of cards for money would be shown without necessarily proving who was in the game with "A." And the answer could not tend to criminate the witness or furnish a link in a chain of circumstances to make a case against the witness. Nor would the fact if the witness was engaged in the game at the same time excuse him from answering; nor that he might fear "A" might be called to testify against him be an excuse for refusing to answer the question.

The law will not permit a man to keep the names of those who violate the law, and their offenses, secret, because of a fear that they might give evidence in their turn against him. To admit such a rule would make such protection to those engaged in gaming, that all who entered a gaming house and played, could be protected by a claim of privilege on the part of others engaged in playing and make that privilege an induce-ment to those present to engage in gambling and thereby encourage gambling and thus defeat prosecutions for a viola-tion of the statute by engaging in the game. While the question originally asked by the foreman should have had added to it some such term as, "not naming or including your-self," yet when brought before the court and fully and cor-rectly informed as to his rights, which, under the ruling were protected, he still declared that he would not answer the ques-tion, under such declaration and refusal to answer he was in contempt of court. Ward v. The State, 2 Mo. 98, and Smith v. The People, 20 Ill. App. 591. The judgment is affirmed.

*Judgment affirmed.*